ITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CIVIL ACTION
NO: 13-407-M-LDA

**KENNETH NEVOR,**
        **Plaintiff,**

**VS.**

**MONEYPENNY HOLDINGS, LLC and**
**JAMES R. SWARTZ,**
        **Defendants.**

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Now come the Defendants, MONEYPENNY HOLDINGS, LLC and JAMES R. SWARTZ, in the above-entitled action, by and through their undersigned counsel, Clinton & Muzyka, P.C., and make Answer to Plaintiff's Complaint as follows:

1. The allegations contained in Paragraph No. 1 are statements of law and jurisdiction which require no answer, but to the extent that an answer is required, the Defendants deny each and every allegation contained in Paragraph No. 1.

2. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 2 and, therefore, deny same.

3. The Defendants admit the allegations contained in Paragraph No. 3.

4. The Defendants admit the allegations contained in Paragraph No. 4.

5. The Defendants admit the allegations of residency, but deny all the remaining allegations contained in Paragraph No. 5.

6. The Defendants admit that on March 28, 2011, the Plaintiff was a member of the S/V VESPER's crew. The Defendants deny the remainder of the allegations contained in Paragraph No. 6.

7. The Defendants admit that the United States authorities required the return of crew members to the United States immigration office and St. Thomas. The defendants deny the remaining allegations contained in Paragraph No. 7.

8. The Defendants admit that the crew were to transfer from the S/V VESPER to the M/V ODD JOB. The defendants deny the remaining allegations contained in Paragraph No. 8.

9. The Defendants deny the allegations contained in Paragraph No. 9.

10. The Defendants deny the allegations contained in Paragraph No. 10.

11. The Defendants deny the allegations contained in Paragraph No. 11.

12. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 12 and, therefore, deny same.

13. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and, therefore, deny same.

## JONES ACT CLAIMS
### (Against MONEYPENNY HOLDINGS, LLC)

14. The Defendant reiterates and reaffirms its responses to the allegations contained in Paragraph Nos. 1 through 13, inclusive, as though fully set forth herein.

15. The Defendant denies the allegations contained in Paragraph No. 15, including sub-parts (a) through (j) inclusive.

16.   The Defendant denies the allegations contained in Paragraph No. 16.

   **WHEREFORE,** the Defendant, MONEYPENNY HOLDINGS, LLC, prays that this Honorable Court dismiss with prejudice the allegations contained in Plaintiff's Jones Act Claims Count together with costs and reasonable attorneys' fees.

## UNSEAWORTHINESS CLAIMS
### (Against MONEYPENNY HOLDINGS, LLC)

17.   The Defendant reiterates and reaffirms its responses to the allegations contained in Paragraph Nos. 1 through 16, inclusive, as though fully set forth herein.

18.   The Defendant denies the allegations contained in Paragraph No. 18.

19.   The Defendant denies the allegations contained in Paragraph No. 19, including subparts (a) through (f) inclusive.

20.   The Defendant denies the allegations contained in Paragraph No. 20.

   **WHEREFORE,** the Defendant, MONEYPENNY HOLDINGS, LLC, prays that this Honorable Court dismiss with prejudice the allegations contained in Plaintiff's Unseaworthiness Claims Count together with costs and reasonable attorneys' fees.

## UNSEAWORTHINESS CLAIMS
### (AGAINST JAMES R. SWARTZ)

21.   The Defendant reiterates and reaffirms his responses to the allegations contained in Paragraphs Nos. 1 through 20, inclusive, as though fully set forth herein.

22.   The Defendant denies the allegations contained in Paragraph No. 22, including subparts (a) through (f) inclusive.

23. The Defendant denies the allegations contained in Paragraph No. 23.

24. The Defendant denies the allegations contained in Paragraph No. 24.

**WHEREFORE,** the Defendant, JAMES R. SWARTZ**,** prays that this Honorable Court dismiss with prejudice the allegations contained in Plaintiff's Unseaworthiness Claims against him together with costs and reasonable attorneys' fees.

### LIABILITY OF JAMES R. SWARTZ

25. The Defendant reiterates and reaffirms his responses to the allegations contained in Paragraphs Nos. 1 through 24, inclusive, as though fully set forth herein.

26. The Defendant denies the allegations contained in Paragraph No. 26.

**WHEREFORE,** the Defendant, JAMES R. SWARTZ, prays that this Honorable Court dismiss with prejudice the allegations contained in Plaintiff's Liability of James R. Swartz Count together with costs and reasonable attorneys' fees.

### AFFIRMATIVE DEFENSES

Now comes the Defendants and incorporates the following Affirmative Defenses into each Count of their Answer as more fully appears below.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendants state that all claims and defenses applicable to this action are governed by the substantive General Maritime Law of the United States.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE**, the Defendants state that the Plaintiff has failed to state a cause of action upon

5

which relief can be granted under JONES ACT CLAIMS - Count I of Plaintiff's Complaint.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE**, the Defendants state that the Plaintiff has failed to state a cause of action upon which relief can be granted under UNSEAWORTHINESS CLAIMS - Count II of Plaintiff's Complaint.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE**, the Defendants state that the Plaintiff has failed to state a cause of action upon which relief can be granted under UNSEAWORTHINESS CLAIMS AGAINST DEFENDANT SWARTZ - Count III of Plaintiff's Complaint.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE**, the Defendants state that the Plaintiff has failed to state a cause of action upon which relief can be granted under LIABILITY OF JAMES R. SWARTZ - Count IV of Plaintiff's Complaint.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE**, the Defendants state that the Plaintiff has failed to establish personal jurisdiction over the defendant, JAMES R. SWARTZ, and that this court lacks personal jurisdiction over this defendant.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE**, the Defendants state that the venue is improper against defendant JAMES R. SWARTZ.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE**, the Defendants state that the plaintiff has failed to properly serve the defendant,

6

JAMES R. SWARTZ, and that service is defective because of insufficient process and insufficiency of service of process.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE**, the Defendants state that the plaintiff has failed to establish that the defendant, JAMES R. SWARTZ, owned, operated, controlled, or managed either vessel under the allegations contained within the Complaint and before this Honorable Court.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE**, the Defendants state that the plaintiff has failed to establish that the defendant, JAMES R. SWARTZ, owned, operated, controlled, or managed either vessel and was their *de facto* equitable and true owner under the allegations contained within the Complaint and before this Honorable Court.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendants state that if the Plaintiff was injured as alleged, which is specifically denied, said alleged injury resulted in whole or in part from an open and obvious condition.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendants state that if the Plaintiff sustained personal injuries as alleged, which is specifically denied, it was due to the action and/or omissions of individuals for whom the Defendants are not legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the Defendants state that if the Plaintiff sustained personal injuries has alleged, which is specifically denied, it was due to an Act of God for which the Defendants are not

responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendants state that if the Plaintiff was injured as alleged, which is specifically denied, it was due in whole or in part to the Plaintiff's own negligence and failure to exercise the degree of care, skill, and knowledge in the performance of his work and reasonably to be required of an individual with the Plaintiff's experience and was not due to any negligence or fault on the part of the Defendants nor any person or persons for whom the Defendants may be legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendants say that the Plaintiff has failed to mitigate his damages.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendants say that the Plaintiff has failed to prosecute this civil action with clean hands and is specifically targeting Defendant, James R. Swartz, to harass, embarrass, and cause him to expend substantial funds for defense of allegations which are unfounded.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendants state for the S/V VESPER that if the Plaintiff was injured as alleged, which is specifically denied, such injury was without the fault, knowledge, or privity of the Defendants; that the damages claimed herein exceed the value of the vessel, including her pending freight; and the Defendants herewith claim benefit of any and all laws and statutes of the United States of America, including but not limited to, Limitation of Liability of the defendant, 46 USC §§ 30501 et. seq.

8

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendants state for the M/V ODD JOB that if the Plaintiff was injured as alleged, which is specifically denied, such injury was without the fault, knowledge, or privity of the Defendants; that the damages claimed herein exceed the value of the vessel(s), including her pending freight; and the Defendants herewith claim benefit of any and all laws and statutes of the United States of America, including but not limited to, Limitation of Liability of the defendant, 46 USC §§ 30501 et. seq.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendants say that if liability is found in favor of the Plaintiff, which is specifically denied, then the injury sustained must be reduced proportionally by the degree of negligence [comparative fault] on the part of Plaintiff pursuant to the General Maritime Law.

**WHEREFORE**, the Defendants pray that the Plaintiff's Complaint be dismissed with prejudice together with costs and reasonable attorney's fees.

The Defendants claim **TRIAL BY JURY** on all issues so triable, with the exception of Limitation of Liability, which is unique for the Court's determination.

9

By their attorneys,
**CLINTON & MUZYKA, P.C.**

**"/s/Robert E. Collins"**
**Robert E. Collins**
**BAR NO. 2951**
88 Black Falcon Avenue
Suite 200
Boston, MA  02210
(617) 723-9165
Fax: 617-720-3489
Email: rcollins@clinmuzyka.com

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.2, I hereby certify that above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August  13 , 2013.

**"/s/Robert E. Collins"**
Robert E. Collins