UNITED STATE DISTRICT COURT
DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| KENNETH NEVOR,<br>    Plaintiff,<br><br>v.<br><br>MONEYPENNY HOLDINGS, LLC,<br>    Defendant. | Civil Action No. 13-407-M-LDA |

ORDER

Defendant, Moneypenny Holdings, LLC filed six post-trial motions (ECF Nos. 114-119). The Court wrote extensive and detailed post-trial findings of facts and conclusions of law dealing with most of the issues raised in these six motions, and therefore will now deal with them summarily.

1. <u>ECF No. 114 - Rule 59(e) Motion</u>. The Defendant has failed to show any manifest error of law or newly discovered evidence. There is no intervening change in controlling law. In addition, there is no manifest injustice arising from the Court's judgment. To the contrary, after a bench trial, as the finder of fact, the Court found the evidence of negligence of the Defendant to the overwhelming and the damages to Mr. Nevor to be extensive. The evidence at trial proved all issues before the Court by much more than a preponderance of the evidence.

Defendant's Motion pursuant to Rule 59(e) (ECF No. 114) is DENIED.

2. <u>ECF No. 115 – Motion to Strike Opinion of Plaintiff's Expert James W. Allen</u>. It is unclear under what Federal Rule of Civil Procedure Defendant has filed

this post-trial motion (to renew a motion denied pre-trial). Regardless, the Court found pre-trial that James W. Allen was qualified as an expert by his knowledge, skill, experience, training, and education (Fed. R. Evid. 702). There is nothing presented by Defendant post-trial that causes this Court to change its finding or ruling.

Defendant's Motion to Strike (ECF No. 115) is DENIED.

3. <u>ECF No. 116 – Motion to Strike the Opinion of Economist Michael LaRaia</u>. Again, it is unclear under what Federal Rule of Civil Procedure Defendant has filed this post-trial motion (to renew a motion denied pre-trial). The Court found Michael LaRaia's testimony and methodology to be supported by appropriately admitted evidence. There is nothing presented by Defendant post-trial that causes this Court to change its finding or ruling.

Defendant's Motion to Strike (ECF No. 116) is DENIED.

4. <u>ECF No. 117 – Motion to Take Additional Testimony and Amended Findings of Fact</u>. Defendant asks this Court to consider post-trial evidence that was available pre-trial in an answer to interrogatories to establish that Mr. Nevor only made $29,925 before his injury in 2011, instead of $40,125. The Court does not need to consider Defendant's request (which the Court would find to be untimely), because even if the Court were to consider the newly offered evidence, it would not alter its findings or judgment. The Court ruled based on the credible expert testimony of Mr. LaRaia, whose opinions and conclusions would not have been altered by this proposed

post-trial evidence. Defendant's Motion to Take Additional Testimony (ECF No. 117) is therefore DENIED.

5. <u>ECF No. 118 – Motion to Fix the Supersedeas Bond</u>. Defendant requests that this Court fix the supersedeas bond necessary for appeal at $2,550,835.70. Plaintiff did not oppose Defendant's motion and therefore Defendant's Motion to Fix the Supersedeas Bond (ECF No. 117) is GRANTED.

6. <u>ECF No. 119 – Motion for Remittitur</u>. The Court reaffirms its findings that the damages awarded -- $710,458 for loss earnings and $750,000 for pain and suffering – is fully supported by substantial evidence. There is nothing presented by Defendant post-trial that causes this Court to change its finding or judgment. Defendant's Motion for Remittitur (ECF No. 119) is DENIED.

SO ORDERED,

*/s/ John J. McConnell, Jr.*
John J. McConnell, Jr.
United State District Court Judge

April 19, 2016